**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>        Plaintiffs,<br>v.<br><br>HTC AMERICA, INC.<br>        Defendant. | Civil Action No. 2:16-cv-00989-JRG<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## DEFENDANT HTC AMERICA, INC.'S MOTION TO DISMISS THE INDIRECT INFRINGEMENT CLAIMS OF THE ORIGINAL COMPLAINT

# **TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ....................................................................................................1

II.   PROCEDURAL AND FACTUAL BACKGROUND............................................................2

III.  LEGAL STANDARDS ............................................................................................4

IV.   ARGUMENT ........................................................................................................5

     A.    Uniloc's Pre-Suit Indirect Infringement Claims Should Be Dismissed Because Uniloc Does Not Allege Pre-Suit Knowledge of The Patents-in-Suit. ..........................5

     B.    Uniloc's Induced Infringement Claims Should Be Dismissed Because The Complaint Does Not Support A Plausible Inference That HTC Intends To Cause Its Customers To Infringe The Patents-in-Suit. ..................................................6

     C.    Uniloc's Contributory Infringement Claims Should Be Dismissed Because The Complaint Merely Provides Conclusory Legal Assertions That The Accused Devices Have No Substantial Non-Infringing Use. .......................................9

V.    CONCLUSION....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*,
No. 6:13-CV-307 MHS-JDL, 2014 WL 10291478 (E.D. Tex. Feb. 7, 2014) ..................... 8, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................... 4, 5, 9, 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................................. 4, 5

*Bush Seismic Techs. LLC v. Global Geophysical Servs. Inc.*,
2:15-cv-01809-JRG, Dkt. No. 44 (E.D. Tex. Apr. 13, 2016) .................................................. 5

*Core Wireless Licensing S.A.R.L. v. HTC Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ................. 7, 8, 10

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ......................................................................................... 6, 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) .......................................................................................................... 5, 6, 7

*In re Bill of Lading*,
681 F.3d 1323 (Fed. Cir. 2012) .............................................................................................. 9

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
545 F.3d 1340 (Fed. Cir. 2008) .............................................................................................. 8

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
No. 6:13-cv-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) .................................. 9

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 6:13-cv-00384-LED-JDL, 2014 WL 12378807 (E.D. Tex. Mar. 5, 2014) ....................... 10

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
No. 2:13-cv-00038-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014) .................................... 6

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
No. 6:12-cv-00366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ...................................... 8, 10

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
No. 3:13-CV-1278, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) ........................................... 8

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009) ....................................................................................... 6, 7, 9

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 4

Fed. R. Civ. P. 8(a)(2) .............................................................................................................. 4

Under Federal Rule of Civil Procedure 12(b)(6), Defendant HTC America, Inc. ("HTC") respectfully moves to dismiss the induced and contributory infringement claims in the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc"), on the ground that Uniloc fails to state a claim upon which relief may be granted.

## I.    INTRODUCTION

Uniloc's Complaint falls far short of the pleading requirements for indirect infringement. The indirect infringement allegations are mere legal conclusions couched as factual allegations with vague references to non-specific actions and non-specific website links.  Those allegations are inadequate to satisfy the pleading standards for indirect infringement.

Even considering all reasonable inferences in Uniloc's favor, there can be no plausible inference that HTC indirectly infringed (or infringes) United States Patent Nos. 7,535,890 ("the '890 patent"), 8,199,747 ("the '747 patent"), 8,724,622 ("the '622 patent"), and 8,995,433 ("the '433 patent") (collectively, the "patents-in-suit").  *First*, Uniloc's claims of pre-suit indirect infringement should be dismissed because the Complaint does not aver HTC had pre-suit knowledge of the patents-in-suit.  In fact, the Complaint concedes that HTC was not on notice of the patents-in-suit until service of the Complaint.  *Second*, Uniloc's claims of induced infringement (both pre-suit and post-suit) should be dismissed because the Complaint fails to raise a plausible inference that HTC intended or intends to cause its customers to infringe the patents-in-suit.  The Complaint merely provides vague references to websites that, at most, generally promote the accused HTC products and allegedly instruct HTC customers on how to use the devices.  Uniloc makes no allegation that HTC has taken (or takes) affirmative steps to bring about the allegedly infringing acts of its customers.  *Third*, Uniloc's contributory infringement claims (both pre-suit and post-suit) are inadequately pled because there can be no

plausible inference that the accused HTC devices have no substantial non-infringing use.  The Complaint lacks any discussion or factual support for Uniloc's conclusory statements regarding substantial non-infringing uses.  Accordingly, HTC's motion should be granted and Uniloc's induced infringement and contributory infringement claims should be dismissed.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On September 6, 2016, Uniloc filed this lawsuit, alleging that HTC directly infringes certain claims of the patents-in-suit.  *See* Dkt. No. 1.  On the same date, Uniloc also asserted some or all of the patents-in-suit against Huawei Device USA, Inc., Kyocera America, Inc., LG Electronics USA, Inc., Motorola Mobility LLC, and ZTE (USA), Inc.  Uniloc had previously asserted some or all of the patents-in-suit against other defendants.  To date, Uniloc has asserted some or all of the patents-in-suit against 26 defendants in this Court.

Uniloc accuses HTC phones with "instant voice and/or instant video with audio messaging ('IVM') capability" ("HTC Android IVM smartphones") of infringement.  *See* Complaint (Dkt. No. 1) at ¶ 11.  Specifically, the Complaint alleges that the HTC Android IVM smartphones comprise "devices and associated servers [that] perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging."  *Id.* ¶¶ 28, 39, 50, 61.  For the '622 patent, the Complaint merely alleges that HTC directly infringes because, in the HTC Android IVM smartphones, "digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device."  *Id.* ¶ 28.  The Complaint makes a similar assertion for the '433 patent, stating that HTC directly infringes because in the HTC Android IVM smartphones "a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request."

*Id.* ¶ 39.  For the '890 patent, the Complaint merely states that HTC directly infringes because, in the HTC Android IVM smartphones, "the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend [sic] recipient becomes available."  *Id.* ¶ 50.  Finally, the Complaint contends that HTC directly infringes the '747 patent because in the HTC Android IVM smartphones, "the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend [sic] recipient becomes available."   *Id.* ¶ 61.

In addition to its conclusory direct infringement allegations, the Complaint provides threadbare induced and contributory infringement allegations that are nearly identical for each patent-in-suit:[1]

> 30.   HTC has indirectly infringed and continues to indirectly infringe at least [claims 3, 4, 6-8, 10-19, 21, 23-35, and 38 of the '622 Patent] in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the HTC Android IVM smartphones. HTC's customers who purchase the HTC Android IVM smartphones and operate such devices in accordance with HTC's instructions directly infringe one or more of the forgoing claims of the ['622 Patent] in violation of 35 U.S.C. § 271.   HTC directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:
>
> > www.htc.com
> >
> > https://www.htcvive.com/us/support
> >
> > www.youtube.com
>
> HTC is thereby liable for infringement of the ['622 Patent] under 35 U.S.C. § 271(b).

---

[1] HTC quotes above the allegations relating to the '622 patent as an example.  Only the bracketed text in the quoted paragraphs above changes within the Complaint with respect to each patent-in-suit.

31.   HTC has indirectly infringed and continues to indirectly infringe at least [claims 3, 4, 6-8, 10-19, 21, 23-35, and 38 of the '622 Patent] in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the HTC Android IVM smartphones, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the ['622 Patent] and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32.   For example, the HTC Android IVM smartphones are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the HTC Android IVM smartphones are material parts of the claimed inventions and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.   HTC is, therefore, liable for infringement under 35 U.S.C. § 271(c).

33.   HTC will have been on notice of the ['622 Patent] since, at the latest, the service of this complaint upon HTC.   By the time of trial, HTC will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of [claims 3, 4, 6-8, 10-19, 21, 23-35, and 38 of the '622 Patent].

Dkt. No. 1 ¶¶ 30-33; *see also id.* ¶¶ 41-44 ('433 patent); *id.* ¶¶ 52-55 ('890 patent); *id.* ¶¶ 63-66 ('747 patent).   The Complaint contains no other factual assertions supporting Uniloc's indirect infringement allegations.   *See id*.

## III.   LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Although detailed factual allegations are not required, the pleaded facts must, when accepted as true, state a claim for relief that is "plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   In

other words, the pleaded facts must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV.   ARGUMENT

### A.   Uniloc's Pre-Suit Indirect Infringement Claims Should Be Dismissed Because Uniloc Does Not Allege Pre-Suit Knowledge of The Patents-in-Suit.

Uniloc fails to allege facts sufficient to support a "plausible inference" of pre-suit indirect infringement because it does not allege that HTC had knowledge of the patents-in-suit prior to the filing of the Complaint. *See Iqbal*, 556 U.S. at 678. The Complaint states that HTC "*has indirectly infringed* and continues to indirectly infringe" the patents-in-suit. Dkt. No. 1 ¶ 30 ('622 patent) (emphasis added); *id.* ¶ 41 ('433 patent); *id.* ¶ 52 ('890 patent); *id.* ¶ 63 ('747 patent). But Uniloc fails to allege any facts from which any inference could be drawn that HTC had pre-suit knowledge of the patents-in-suit. Instead, the Complaint simply avers that "HTC will have been on notice of the [patents-in-suit] since, at least, the service of this complaint upon HTC." *Id.* ¶ 33 ('622 patent); *id.* ¶ 44 ('433 patent); *id.* ¶ 55 ('890 patent); *id.* ¶ 66 ('747 patent). Because indirect infringement claims, including both induced and contributory infringement, require a showing that the defendant had knowledge of the patents-in-suit during the period of alleged infringement, *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-766 (2011), the Complaint fails to set forth a plausible claim for pre-suit indirect infringement. This Court has dismissed similar claims of indirect infringement that relied exclusively on post-complaint knowledge of the asserted patent(s). *See Bush Seismic Techs. LLC v. Global Geophysical Servs. Inc.*, 2:15-cv-01809-JRG, Dkt. No. 44 at 5 (E.D. Tex. Apr. 13, 2016) (finding that, "[s]ince

[plaintiff]'s willfulness and induced infringement claims … are grounded exclusively in [defendant]'s post-filing conduct, these claims must be dismissed") (attached as Exhibit A).  As a result, Uniloc's allegations of pre-suit indirect infringement should be dismissed.

> **B.**    **Uniloc's Induced Infringement Claims Should Be Dismissed Because The Complaint Does Not Support A Plausible Inference That HTC Intends To Cause Its Customers To Infringe The Patents-in-Suit.**

To adequately plead induced infringement, a complaint "must plausibly allege (1) that a third party, or the defendant in combination with a third party, has performed acts sufficient to constitute infringement; (2) that the defendant knew of the patent and that the acts in question would infringe; and (3) that the defendant had specific intent to encourage the third party's infringement."  *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-cv-00038-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014).  The specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  Instead, there must be some showing of the defendant's "taking of affirmative steps to bring about the desired result [of infringement]."  *Global-Tech*, 563 U.S. at 760.

In addition to Uniloc's failure to plead pre-suit knowledge of the patents-in-suit, Uniloc's induced infringement allegations (both pre-suit and post-suit) do not support a plausible inference that HTC intended (or intends) to cause its customers to infringe the patents-in-suit. The Complaint states that HTC specifically intended to cause its customers' purported infringing acts by "instruct[ing] its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:   www.htc.com[,] https://www.htcvive.com/us/support[,] and www.youtube.com"  Dkt. No. 1 ¶ 30 ('622 patent); *see also id.* ¶ 41 ('433 patent); *id.* ¶ 52 ('890 patent); *id.* ¶ 63 ('747 patent).  The Complaint

provides no further indication as to which "training videos, demonstrations, brochures, installation and/or user guides" on those websites the Complaint is referring. "Generic allegations that [HTC] provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *See Core Wireless Licensing S.A.R.L. v. HTC Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015).

At most, Uniloc's allegations and references to non-specific websites merely support an inference that HTC intended its customers to purchase and use the HTC Android IVM smartphones—and nothing more. The cited websites do not provide any instructions or directions to HTC customers on how to utilize the accused IVM capability. For example, the www.htcvive.com website is directed to a virtual reality headset product offered by HTC, which is not even potentially one of the accused "HTC Android IVM *smartphones*." *See* Exhibit B (emphasis added). As another example, the www.youtube.com website directs internet users to a video-sharing website offering millions of irrelevant videos. The Complaint's reference to these websites does not support a plausible inference that HTC knew that its customers' use of an HTC Android IVM smartphone would cause anyone to infringe any of the patents-in-suit.

The Federal Circuit has explained that the specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement," *DSU Med. Corp.*, 471 F.3d at 1306 (Fed. Cir. 2006); *see also Vita Mix*, 581 F.3d at 1328 ("[T]he mere knowledge of possible infringement will not suffice."). Uniloc must plead facts supporting a plausible inference of HTC's "taking of affirmative steps to bring about the desired result [of infringement]." *Global-Tech*, 563 U.S. at 760. Instead, Uniloc merely alleges that HTC provides instructional materials to its customers. Similar allegations are routinely rejected by

courts as inadequate to support an inference of specific intent to cause infringement. *See, e.g.,* *Core Wireless*, 2015 WL 4910427, at *4 (holding that plaintiff's allegations that "Apple provide[d] instructive materials and information concerning operation and use of the accused products" were insufficient to plead specific intent of induced infringement because they failed to identify, "even at a basic level, which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner"); *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13-CV-307 MHS-JDL, 2014 WL 10291478, at *4 (E.D. Tex. Feb. 7, 2014) (holding that allegations that defendant provided customers with "detailed explanations, instructions, and information" were insufficient to adequately plead specific intent to induce infringement); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-00366, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (finding that allegations that a defendant "supplies" an infringing system and components and provides its customers "instructions" "do not create a reasonable inference of inducement"); *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 3:13-CV-1278, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) (dismissing inducement claim because allegations that defendant intentionally designs, promotes, sells, or educates its customers about its software "merely indicates" that defendant "provides instruction, technical support, and training for using its own software, and nothing more"); *see also Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (noting that a defendant providing its customers with product information "evinces, at most, a finding that [the defendant] generally intended to cause acts that produced infringement," but "falls short" of evincing "a specific intent to cause infringement").

Because the Complaint fails to support a plausible inference that HTC intended to cause its customers to infringe the patents-in-suit, Uniloc's induced infringement (both pre-suit and post-suit) claims must be dismissed for failure to state a claim.

### C.  Uniloc's Contributory Infringement Claims Should Be Dismissed Because The Complaint Merely Provides Conclusory Legal Assertions That The Accused Devices Have No Substantial Non-Infringing Use.

To adequately plead contributory infringement, a complaint must allege that the defendant "(1) [] sells or offers to sell a material or apparatus for use in practicing a patented process; (2) that is material to practicing the invention; (3) which has no substantial non-infringing use; and (4) is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'"  *Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-cv-360-MHS, 2014 WL 12378804, at *2 (E.D. Tex. Oct. 14, 2014) (quoting *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)).  A substantial non-infringing use is one that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."  *Vita-Mix*, 581 F.3d at 1327-29.  The relevant inquiry is "whether the accused products can be used for purposes *other than infringement*."  *Bill of Lading*, 681 F.3d at 1338 (emphasis in original).

In addition to Uniloc's failure to plead pre-suit knowledge of the patents-in-suit, the Complaint's allegations of contributory infringement must be dismissed because they are "threadbare recitals" of the required elements for a contributory infringement claim.  *See Iqbal*, 556 U.S. at 678.  In each count, the Complaint provides the same allegations of contributory infringement:

> HTC has indirectly infringed and continues to indirectly infringe … [the patent-in-suit] in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the HTC Android IVM smartphones, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an

apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the [patent-in-suit] and **not a staple article or commodity of commerce suitable for substantial non-infringing use**.

For example, the HTC Android IVM smartphones are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process.  Furthermore, the HTC Android IVM smartphones are material parts of the claimed inventions and **upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use**.  HTC is, therefore, liable for infringement under 35 U.S.C. § 271(c).

Dkt. No. 1 ¶¶ 31-32 ('622 patent) (emphasis added); *id.* ¶¶ 42-43 ('433 patent); *id.* ¶¶ 53-54 ('890 patent); *id.* ¶¶ 64-65 ('747 patent).

In particular, Uniloc's "formulaic recitation" of the substantial non-infringing use element is not sufficient to avoid dismissal.  For each patent, the extent of the Complaint's allegations is that the HTC Android IVM smartphones "are not a staple article or commodity of commerce suitable for substantial non-infringing use."  Dkt. No. 1 ¶¶ 32, 43, 54, 65.  The Complaint provides no other discussion or factual support that would allow the Court "to draw [a] reasonable inference that [HTC] is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  As with similar allegations "with such a lack of clarity and specificity," this Court has previously concluded that "it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses."  *Core Wireless*, 2015 WL 5000397, at *5; *see also Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-00384-LED-JDL, 2014 WL 12378807, at *4 (E.D. Tex. Mar. 5, 2014) (dismissing claims for contributory infringement where the "extent of [the plaintiff]'s relevant allegation is that 'the infringing controllers have no substantial non-infringing uses'"); *Am. Vehicular Scis.*, 2014 WL 10291478, at *4 (dismissing claim for contributory infringement that only provided a "broad assertion that

the 'Infringing Systems' are not suitable for substantial noninfringing use" and "fail[ed] to include any discussion of other potential uses of the asserted products"); *see also U.S. Ethernet Innovations*, 2013 WL 8482270, at *4 (dismissing claim for contributory infringement because plaintiff's "allegation that customers infringe when they use operating systems and components in accordance with [defendant]'s instructions actually creates an inference that they might otherwise be used in a non-infringing manner").   Indeed, it is a common knowledge that smartphones are capable of many substantial non-infringing uses,[2] and, therefore it is not surprising that Uniloc was only able to make a threadbare recital of the elements for a contributory infringement cause of action.   Uniloc's claims for contributory infringement (both pre-suit and post-suit) of the patents-in-suit should therefore be dismissed.

## V.      CONCLUSION

For the foregoing reasons, HTC respectfully requests that the Court dismiss Uniloc's claims of induced infringement and contributory infringement under Rule 12(b)(6), for failing to state a claim upon which relief may be granted.

---

[2] For example, Uniloc does not—and cannot—allege that the ability of a smartphone to make phone calls is not a substantial non-infringing use.

Dated:  November 18, 2016

Respectfully submitted,

*/s/ Fred I. Williams*
Fred I. Williams *(Lead Attorney)*
State Bar No. 00794855
fwilliams@velaw.com
Jonathan L. Hardt
State Bar No. 24039906
jhardt@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX  78746
Tel:  512.542.8400
Fax:  512.542.8610

Eric J. Klein
State Bar No. 24041258
eklein@velaw.com
Todd E. Landis
State Bar No. 24030226
tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Tel:  214.220.7700
Fax:  214.220.7716

*Attorneys for HTC America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic serve are being served on November 18, 2016, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*
Fred I. Williams